# EXHIBIT 1

COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| NATHAN LEPPO<br>c/o Law Office of Nancy Grim<br>247 N. Water Street, Suite B<br>Kent, OH 44240<br><br>COREY CZINGER<br>c/o Law Office of Nancy Grim<br>247 N. Water Street, Suite B<br>Kent, OH 44240<br><br>KRISTEN HORINE<br>c/o Law Office of Nancy Grim<br>247 N. Water Street, Suite B<br>Kent, OH 44240<br><br>    Plaintiffs<br><br>-vs-<br><br>ENVIRONMENTAL DESIGN GROUP, LLC<br>C/o Agent: DWAYNE A. GROLL<br>450 Grant Street<br>Akron OH 44311<br><br>    Defendant | CASE NO.<br><br>JUDGE<br><br>COMPLAINT<br><br>Type:  FAMILY AND MEDICAL<br>           LEAVE ACT<br><br>With Jury Demand |

## INTRODUCTION

1.    Plaintiffs bring this case to redress their rights to restoration of employment after Families First Leave under the Family Medical Leave Act, 29 U.S.C. §2601-2620, as amended by the Emergency Family and Medical Leave Expansion Act of 2020.

## PARTIES, JURISDICTION AND VENUE

2.    Defendant Environmental Design Group, LLC ("EDG") is a company with its primary office in the City of Akron, Summit County, Ohio.

1

3.  At the times relevant to this complaint, Defendant EDG has been a "covered entity" and an "employer" for the purposes of Public Health Emergency Leave, within the meaning of 29 U.S.C. §2611 and 29 U.S.C. §2620.

4.  As of March 2020, Plaintiffs Nathan Leppo, Corey Czinger and Kristen Horine were each employees of Defendant EDG within the meaning of 29 U.S.C. §2611 and 29 U.S.C. §2620.

5.  Plaintiff Leppo is a resident of Akron, Ohio, and was employed at the Akron, Ohio office of Defendant EDG.

6.  Plaintiff Czinger is a resident of Hudson, Ohio and was employed at the Akron, Ohio office of Defendant EDG.

7.  Plaintiff Horine is a resident of Lakewood, Ohio and was employed at the Cleveland, Ohio office of Defendant EDG.

## FACTS

8.  Plaintiffs incorporate all prior allegations here.

9.  The Families First Coronavirus Response Act (FFCRA) was approved by Congress on or about March 18, 2020.

10. Beginning March 19, 2020, EDG encouraged employees with children to take Emergency Paid Sick Leave and Expanded FMLA as provided by FFCRA if a child's school, place of care, or child care provider was closed or unavailable.

11. Plaintiffs Leppo, Czinger and Horine each accepted the Families First Paid Sick Leave and Family Leave, to begin in early April of 2020 and to end after 12 weeks, with expected return dates of June 18 to June 29, 2020.

2

12. Prior to end of his Families First Leave, EDG told Plaintiff Leppo that he was laid off effective June 25, and that his position was "eliminated based on the company's financial model and projected workload as a result of economic impacts related to COVID-19."

13. Prior to end of her Families First Leave, EDG told Plaintiff Czinger that she was laid off effective June 29, and that her position was "eliminated based on the company's financial model and projected workload as a result of economic impacts related to COVID-19."

14. Prior to end of her Families First Leave, EDG told Plaintiff Horine that she was laid off effective June 25, and that her position was "eliminated based on the company's financial model and projected workload as a result of economic impacts related to COVID-19."

15. On information and belief, in the last two weeks of June 2020, Defendant EDG laid off a total five (5) employees of the seven (7) employees who had taken Families First Leave in April-June 2020.

16. On information and belief, the only employees whom Defendant EDG laid off in June 2020 were employees who took Families First Leave.

17. On information and belief, in September 2020, Defendant EDG laid off a sixth employee who had taken Families First Leave.

18. On information and belief, all of the employees whom Defendant EDG laid off on the grounds of economic impacts related to COVID-19 were employees who took Families First Leave.

19. On information and belief, the seventh employee who had accepted Families First Leave left employment at EDG of her own accord in or about August 2020.

20. Other employees in the same work groups as Plaintiffs, but had not taken Families First Leave, were not laid off on the grounds of economic impacts related to COVID-19.

21. Plaintiffs Leppo, Czinger and Horine are capable of sharing the remaining workload to the same or greater extent as the non-family-leave employees who were retained by EDG.

22. Although asked to explain the reason, EDG has not shown that Plaintiffs Leppo, Czinger and/or Horine would have been selected for layoff if not for their Families First Leave.

### CLAIM: Family Medical Leave Act, Interference.

23. Plaintiffs incorporate all previous allegations here.

24. Pursuant to 29 U.S.C.A. § 2614, an employee who takes leave under the Family and Medical Leave Act for the intended purpose of the leave is entitled, at the end of the leave, to be restored by the employer to position of employment held by the employee when the leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

25. Although the FMLA does not protect an employee from discipline or other employment actions that would have affected the employee regardless of FMLA leave, an employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment. (See, 29 U.S.C. § 2614(a)(1); 29 CFR § 826.130(a) and (b)(1).

26. Defendant EDG has not shown, and cannot show, that Plaintiffs Leppo, Czinger and/or Horine would have been selected for layoff if not for their Families First Leave.

27. Further, the layoff consisting only of employees who took Families First Leave is an employment action which would dissuade reasonable workers from taking advantage of protected FMLA, which is conduct disfavored by Ohio and Federal Courts. See, *Burlington N. &*

*Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Greer-Burger v. Temesi*, 2007-Ohio-6442, 116 Ohio St. 3d.

28. Defendant's termination of Plaintiffs Leppo, Czinger and/or Horine is interference with Plaintiffs' protected rights, in violation of 29 U.S.C. § 2615.

29. As a result of the unlawful interference with Plaintiffs' protected rights under the FMLA, Defendant EDG is liable to Plaintiffs for all remedies available under 29 U.S.C.A. § 2617.

WHEREFORE, Plaintiffs pray that the Court order judgment for Plaintiffs on all claims, with all remedies justified by the evidence and permitted by statute, including:

A. Reinstatement of each Plaintiff to the same or equivalent position as before Families First Leave, with any promotion or pay increase which each Plaintiff would have if she or he were continuously employed to the date of reinstatement;

B. Damages equal to all wages, employment benefits, or other compensation lost by each Plaintiff due to failure to restore Plaintiffs to employment after Families First Leave, up to the date of reinstatement;

C. Interest on such losses at the prevailing rate,

D. An additional amount as liquidated damages equal to the sum of all damages and interest;

E. Any other equitable relief that may be appropriate;

F. All reasonable attorney fees, reasonable expert witness fees, and other costs of the action incurred on behalf of the former employees;

G. All court costs;

H. Such other relief as the Court deems appropriate.

**JURY DEMAND**: Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Counsel for Plaintiffs:

/s/ *Nancy Grim*
NANCY GRIM (0014376)
Nancy Grim, LLC
247 N. Water Street, Suite B
Kent, OH 44240
330-678-6595 / Fax 870-270-7608
nancy.grim@nancygrimlaw.net