IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN LEPPO, *et al.* | ) | CASE NO. 5:20-cv-02374 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| ENVIRONMENTAL DESIGN GROUP, LLC, | ) ) ) | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |
| Defendant. | ) | |

For its Answer to the Complaint of Plaintiffs Nathan Leppo, Corey Czinger and Kristen Horine, Defendant Environmental Design Group, LLC hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint constitute opinion, argument and state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant admits that it is a covered employer for purposes of Public Emergency Leave, within the meaning of 29 U.S.C. § 2611 and 29 U.S.C. § 2620, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint constitute opinion, argument and state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Defendant restates and incorporates by reference all responses set forth in paragraphs 1 through 8 above as if fully rewritten herein.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that each one of the Plaintiffs took leave in early April of 2020, but denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff Leppo was separated from his employment with Defendant effective June 25, 2020 based on lawful reasons, including, without limitation, a financial perspective and projected workload resulting from the economic impacts related to Covid-19, but denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff Czinger was separated from her employment with Defendant effective June 29, 2020 based on lawful reasons, including, but not limited to, a financial model and projected workload resulting from the economic impacts related to Covid-19, but denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff Horine was separated from her employment with Defendant effective June 25, 2020 based on lawful reasons, including, but not limited to, a financial model and projected workload resulting from the economic impacts related to Covid-19, but denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that five of the seven employees who had been on Families First Leave beginning in April of 2020 were separated from their employment with Defendant in June of 2020, but denies the remaining allegations contained in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Defendant admits that the only employees who were separated from their employment with Defendant in June of 2020 took Families First Leave, states that there were other employees who took Families First Leave who were not separated from their employment with Defendant, and denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant admits that an employee who had taken Families First Leave was separated from employment with Defendant in September of 2020, but denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that an employee who had taken Families First Leave left her employment with Defendant of her own accord in or about August 2020, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Defendant states that other employees who had taken leave were not separated from their employment with Defendant, but admits that other employees in the same work groups as Plaintiffs who had not taken Families First Leave were not laid off on the grounds of economic impacts related to Covid-19.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, Defendant restates and incorporates by reference all responses set forth in paragraphs 1 through 22 above as if fully rewritten herein.

24. In response to paragraph 24 of the Complaint, Defendant states that 29 U.S.C. § 2614 speaks for itself and that Plaintiffs are stating a legal conclusion to which no response is necessary.

25. In response to paragraph 25 of the Complaint, Defendant states that 29 U.S.C. § 2614(a)(1) and 29 C.F.R. § 826.130(a) and (b)(1) speak for themselves and that Plaintiffs are stating a legal conclusion to which no response is necessary.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint constitute opinion, argument and state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in each and every paragraph of the Complaint which has not otherwise been expressly and specifically admitted in this Answer as being true.

31. Defendant specifically denies that Plaintiffs are entitled to any relief, including, but not limited to, the relief requested in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were taken in good faith and without improper intent or motive, were based on its honest belief that such actions were reasonable, and did not violate the FMLA or FFCRA.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' employment relationships with Defendant were terminable at will.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' claims are barred because any and all actions taken by Defendant were based on legitimate, lawful business factors having nothing to do with Plaintiffs' membership in any protected class or Plaintiff engaging in any protected activity.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' claims may be barred, in whole or in part, due to their failure to mitigate claimed damages, if any, and/or Plaintiffs' failure to exercise reasonable diligence to mitigate such damages.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' claims are barred against Defendant because Defendant was not the proximate cause of injuries or losses, if any, suffered by Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs are not entitled to any of their claimed damages or remedies against Defendant because Defendant did not at any time engage in unlawful or wrongful conduct toward Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims for damages may be subject to limitations and caps set forth in Ohio and federal law.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred because Defendant at all relevant times maintained and followed all applicable policies and procedures in the workplace.

**TENTH AFFIRMATIVE DEFENSE**

10.  Plaintiffs' claims may be barred by the after-acquired evidence doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.  If any damages are awarded to Plaintiffs, Defendant may be entitled to a set off for any sums paid to Plaintiffs by other third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

12.  Plaintiffs' claims are barred because they were not denied any benefits that they were entitled to under the FMLA or FFCRA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.  Plaintiffs' claims are barred because Defendant would have terminated Plaintiffs' employment regardless of whether Plaintiffs were on any form of protected leave under the FMLA, FFCRA, or otherwise.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.  Plaintiffs' claims are barred because they cannot demonstrate Defendant interfered with any of Plaintiffs' rights under the FMLA or FFCRA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.  Plaintiffs' claims may be barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation.  Defendant expressly reserves its rights to raise any additional defenses that may be applicable in this action.

WHEREFORE, having fully answered the Complaint, Defendant Environmental Design Group, LLC respectfully requests the Court to enter a judgment dismissing Plaintiffs' Complaint together with all claims contained therein, with prejudice, and that Defendant be awarded its costs, including reasonable attorneys' fees incurred in the defense of this action and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Dan L. Makee*
DAN L. MAKEE (0029602)
KARINA R. CONLEY (0093906)
McDonald Hopkins LLC
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: dmakee@mcdonaldhopkins.com
kconley@mcdonaldhopkins.com

*Attorneys for Defendant*
*Environmental Design Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2020, the foregoing *Answer and Affirmative Defenses to Plaintiffs' Complaint* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

*/s/ Dan L. Makee*
DAN L. MAKEE (0029602)

*An Attorney for Defendant*
*Environmental Design Group, LLC*
