UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| NATHAN LEPPO, ET AL., | CASE NO. 5:20-cv-2374 |
| Plaintiffs, | ORDER |
| vs. | [Resolving Docs. 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36] |
| ENVIRONMENTAL DESIGN GROUP, LLC, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs sue Defendant, their former employer, for alleged violations of the Family Medical Leave Act as amended by the Emergency Family and Medical Leave Expansion Act of 2020.[1] In thirteen motions, Defendant requests leave to file either redacted copies or unredacted copies under seal of depositions and summary judgment motions and briefs.

In the Sixth Circuit, judicial records can only be sealed for "the most compelling reasons."[2] Pleadings and court documents, including "sealed or redacted pleadings, briefs, or other documents that the parties have filed with the court" are "given a strong presumption in favor of openness" because they are "the sort of records that would help the public assess for itself the merits of judicial decisions."[3]

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained

---

[1] Doc. 1-1.
[2] *Kondash v. Kia Motors Am., Inc.*, 767 Fed. App'x. 635, 637 (6th Cir. 2019) (alteration in original) (quoting *U.S. v. Criden I*, 648 F.2d 814, 818 (3d Cir. 1981)).
[3] *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 304-05 (6th Cir. 2016)).

Case No. 5:20-cv-0237
Gwin, J.

in confidence (such as the name of a minor victim of a sexual assault), [are] typically enough to overcome the presumption of access."[4]

The party moving to seal documents faces a heavy burden and must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."[5] Parties seeking to seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."[6]

Defendant's motions to seal do not provide an explanation or evidence that they have a compelling interest in sealing their documents.  Plaintiffs did not provide "document by document" analysis, or any description beyond the most general terms[7], to indicate why the court should permit Plaintiffs to file documents under seal.

The Court **DENIES** Defendant's motions to seal and **ORDERS** Defendant to refile any redacted documents without redactions.

ITS IS SO ORDERED.

Dated: March 8, 2021          s/     James S. Gwin
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[4] *Shane Grp*, 825 F.3d at 308 (citation omitted).
[5] *Kondash*, 767 Fed. App'x. at 637.
[6] *Shane Grp.*, 825 F.3d at 305 (citation omitted).
[7] A number of the motions to seal say only that the potentially-sealed documents "discuss and reference documents related to confidential financial and personal information, trade secret information, personnel records, and other sensitive commercial information that is not publicly available." *See, e.g.*, Doc. 26; Doc. 27; Doc. 28.